**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARLAD SINGH, | No. 11-73408 |
| Petitioner, | Agency No. A095-176-561 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2014[**]

Before: D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

Parlad Singh (Singh) petitions for review of a final order of removal from

the Board of Immigration Appeals (BIA). We have jurisdiction pursuant to 8

U.S.C. § 1252, and since the BIA adopted the reasoning of the Immigration Judge

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(IJ) below, we review the IJ's decision as if it were that of the BIA. *Rios v. Ashcroft*, 287 F.3d 895, 899 (9th Cir. 2002). We deny the petition for review.

Because Singh submitted his applications for relief before May 11, 2005, the pre-REAL ID Act standards govern this petition. *See Rizk v. Holder*, 629 F.3d 1083, 1087 n.2 (9th Cir. 2011). Singh filed an application for asylum, withholding of removal, and relief under the Convention Against Torture, claiming that he was beaten and detained by police in India due to his affiliation with the Akali Dal Mann party, a group that promotes Sikh's rights. The IJ found that Singh did not meet his burden of proof to qualify for these forms of relief after making an adverse credibility finding.

We review a finding of adverse credibility under the "substantial evidence" standard. *Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1149–50 (9th Cir. 1999). Singh's testimony about his political affiliations and the harm he suffered contradicted affidavits he had submitted, and Singh's testimony about his Sikh faith was evasive and non-responsive. The IJ's adverse credibility finding was based on articulable, specific, and cogent reasons for disbelief that went to the heart of Singh's claim, and we therefore find no error in the decisions below. *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**