**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PARLAD SINGH,<br><br>              Petitioner,<br><br>   v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No.   15-70138<br><br>Agency No. A095-176-561<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2017[**]
San Francisco, California

Before:  RAWLINSON and BYBEE, Circuit Judges, and SMITH,[***] Chief District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

Singh applied for asylum, withholding of removal, and relief under the Convention Against Torture on the basis of his involvement with the Akali Dal Mann political party in India. An Immigration Judge ("IJ") denied all relief and ordered Singh removed to India. The Board of Immigration Appeals ("the Board") affirmed in a 2008 decision. We granted an unopposed motion to remand to the IJ for a reexamination of his adverse credibility determination. On remand, the IJ reexamined the record, denied all relief, and again ordered Singh removed to India. The Board affirmed again in a 2011 decision. We denied Singh's petition for review, noting that Singh's testimony contradicted his affidavits, and that the IJ gave articulated, specific, and cogent reasons for his credibility findings. *Singh v. Holder*, 571 F. App'x 576, 576 (9th Cir. 2014). Singh then petitioned the Board to reopen his administrative proceedings. The Board denied the motion as untimely and noted the absence of exceptional circumstances warranting sua sponte reopening. *See* 8 C.F.R. § 1003.2(c).

Singh now petitions for review of the Board's denial of his motion to reopen. A motion to reopen proceedings must be filed within ninety days after the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Singh has conceded that his motion is untimely. Under the Board's regulations, the ninety-day deadline shall not apply

where there is evidence that circumstances have materially changed in the country of removal, and such evidence was not previously available or could not have been previously presented. 8 C.F.R. § 1003.2(c)(3)(ii). But Singh has not argued that conditions in India have changed in any material way.

Denials of motions to reopen proceedings are reviewed for an abuse of discretion and reversed only if "arbitrary, irrational, or contrary to law." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). On appeal, Singh argues that the Board abused its discretion, because it did not address the merits of his motion or the evidence he presented. The merits of his motion deal only with alleged errors in the Board's 2008 and 2011 decisions. But Singh already appealed the Board's 2008 decision. We vacated it. And he already appealed the Board's 2011 decision. We denied his petition on the merits. *Singh*, 571 F. App'x at 576. Although Singh may have come up with new arguments, *see* Brief of Petitioner at 8–24, *Singh v. Holder*, No. 11-73408 (9th Cir. Mar. 12, 2012) (failing to make the arguments raised here), a motion to reopen proceedings is not a motion to renew a prior petition for review.

Singh also argues that his motion's untimeliness does not strip the Board of jurisdiction, and that the Board should have waived the deadline sua sponte and corrected its 2011 decision. The Board possesses "limited discretionary powers" to

3

reopen proceedings sua sponte at any time. *In re Beckford*, 22 I. & N. Dec. 1216, 1217–18 (B.I.A. 2000); 8 C.F.R. § 1003.2(a). But that power is exercised only in "exceptional situations," and the burden is on Singh to show that such a situation exists. *Beckford*, 22 I. & N. Dec. at 1218. Singh has not identified any such situation. The Board did not abuse its discretion in denying Singh's motion as untimely or in failing to waive the deadline sua sponte. The petition is **DENIED**.